UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Baccus,<br>a/k/a John Roosevelt Baccus,<br><br>               Plaintiff,<br>vs.<br><br>Charlie M. Condon; Alan Wilson; William Nettles; Nikki R. Haley; Bryan P. Stirling; John Does; and Jane Does,<br><br>               Defendants. | C/A No. 9:14-2248-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff, John Baccus, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). He is an inmate at the Broad River Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff seeks monetary damages, as well as declaratory and injunctive relief for alleged violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

The Complaint, or portions thereof, could be characterized by what some courts have described as "buzzwords" or "legalistic gibberish." See, e.g., Rochester v. McKie, No. 8:11–797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing Yocum v. Summers, No. 91–3648, 1991 WL 171389, at *1 (N.D.Ill. Aug. 30, 1991)). In what is discernable, Plaintiff alleges claims concerning his criminal convictions and subsequent proceedings including his application for post-conviction relief,[1] as well as claims concerning his conditions of confinement, denial of his annual custody status review, retaliatory actions for filing lawsuits (including being prescribed medication that makes him sleep and being subjected to searches of his person), processing of his requests to staff and grievances, and access to items needed to file his lawsuits.[2]

---

[1] SCDC inmate records indicate that Plaintiff is serving two life sentences for first degree burglary and murder. See http:// public.doc.state.sc.us/scdc-public/ [Search Inmate "John Baccus" Number 187393]. This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[2] To the extent Plaintiff asserts a claim that Defendants negligently deprived Plaintiff of his
(continued...)

2

Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim, because the Complaint fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights.[3] Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. Plaintiff fails to allege sufficient facts from which the Court can

---

[2](...continued) personal property, or negligently allowed others to deprive Plaintiff of his personal property, or that Plaintiff was deprived of his personal property by the unauthorized intentional act of a state actor, Plaintiff's Complaint fails to state a cognizable claim of a constitutional violation by any of the named Defendants. It is well settled that the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of property. See Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent that Plaintiff is complaining of negligent conduct by the Defendants, he fails to set forth a viable claim under § 1983. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200–03 (1989)["[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation"]. Further, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mora v. City of Gaithersburg, MD, 519 F.3d 216, 230-31 (4th Cir. 2008) [concerning the intentional taking of guns and ammunition from the plaintiff]; Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005)[(finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals].

[3] The undersigned notes that Plaintiff is a frequent filer of litigation in this Court, and is therefore well acquainted with this Court's pleading requirements. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [a federal court may take judicial notice of the contents of its own records].



construe a cognizable claim that any named Defendant committed any specific violation of a constitutionally protected right, among the many violations of Plaintiff's rights that he claims occurred. Plaintiff's allegations are so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements or legal "gibberish" that they do not state a cause of action. See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)[noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"].

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Additionally, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). As a result of Plaintiff's failure to specify which of the named Defendant(s) committed which alleged act(s) of wrongdoing, it is impossible for the Court to determine which, if any, of the Defendant(s) might plausibly be liable for which alleged problem(s) Plaintiff claims to have experienced. See Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998); see also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face]. In the absence of substantive allegations of wrongdoing against a defendant, there is nothing from which



4

the court can liberally construe a viable cause of action arising from a complaint, and it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for prisoners or pro se litigants. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d at 1151.

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against the Defendants in this case, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373 ; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). As there are no factual allegations of any individual wrongdoing or potential supervisory liability on the part of a named Defendant, Plaintiff's Complaint fails to state a claim on which relief can be granted. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)(statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Soc. Servs., 901 F.2d at 399 (dismissal proper where there were no allegations against defendants).

Additionally, to the extent Plaintiff's claims can be interpreted as requesting monetary damages against the Defendants for malicious prosecution for their alleged errors or what he terms "prejudgments" as to his criminal convictions, his claims are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck,



5

the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. As Plaintiff has not shown a favorable termination as to his convictions, any claims for malicious prosecution are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."].

As for Plaintiff's claims concerning the processing of his requests to staff members or grievances, it is well-settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. Adams v. Rice, 40 F.3d at 75. Simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer a substantive constitutional right on the prison inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Hence, if corrections officials did fail to properly apply an inmate grievance procedure, such failure is not actionable under § 1983. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986).

Plaintiff may also be attempting to assert claims concerning violations of SCDC policies, in particular with respect to his annual custody status review. However, even if the Court were to assume for purposes of summary judgment that one or more of the Defendants' actions

violated prison policies, any violation of such policies does not constitute a violation of Plaintiff's constitutional rights, and is therefore not assertable in a § 1983 action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007)["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."](citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Further, any claims asserted by Plaintiff on behalf of others (for example, he alleges that the Defendants took actions against "black plaintiffs") must also be dismissed. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].

Finally, Defendants Condon, Wilson, Haley, and Stirling (all current or former employees of the State of South Carolina at the time of the alleged actions) in their official capacities are entitled to Eleventh Amendment immunity as to any claims for monetary damages. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official

7

capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[4] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent

---

[4] A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).

8

to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. The South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 25, 2014
Charleston, South Carolina

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



10